# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH A. HOFER,
Plaintiff,

vs.

BRETT M. SPENCER, *et al.*,
Defendants.

Case No. 1:18-cv-122

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

On February 20, 2018, plaintiff initiated this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 by filing a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). However, because plaintiff failed to submit a certified copy of his trust fund account statement as required by the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(h), the undersigned issued a Deficiency Order requiring that plaintiff either pay the full filing fee or submit to the Court a certified copy of his prison trust fund account statement within thirty (30) days. (Doc. 2). Plaintiff was advised that "[i]f plaintiff fails to comply with this Order, the Court shall dismiss his case for want of prosecution." (*Id.* at PageID 12).

Plaintiff filed a motion seeking relief from the Order pursuant to Fed. R. Civ. P. 60(b). (Doc. 3). Plaintiff argued that he was not a prisoner within the meaning of 28 U.S.C. § 1915(h) because he was never lawfully accused of a violation of state law. (*See id.* at PageID 14). By Order issued on March 23, 2018, the Court denied plaintiff's motion and granted him an extension of time of fifteen (15) days to submit a certified copy of his trust fund account statement or to pay the filing fee of $400. (Doc. 5).

On April 9, 2018, plaintiff filed an objection to the March 23, 2018 Order. (Doc. 6). On April 12, 2018, the Court denied plaintiff's objections. (Doc. 9).

Finally on April 16, 2018, the undersigned issued an Order requiring that plaintiff comply with the Court's February 26, 2018 Deficiency Order by submitting a certified copy of his trust fund account statement or pay the $400 filing fee within fifteen (15) days. (Doc. 10). Plaintiff was again advised that "failure to comply with this Order will result in the dismissal of this action for want of prosecution." (*Id.* at PageID 32).

To date, more than fifteen days after the Court's April 16, 2018 Order, plaintiff has failed to comply with the Order of the Court. Plaintiff has instead filed a motion to amend his complaint, seeking to add the undersigned and Judge Susan J. Dlott as defendants to this action. (Doc. 11).

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's April 16, 2018 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 5/14/18

Karen L. Litkovitz
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH A. HOFER,
Plaintiff,

vs.

BRETT M. SPENCER, *et al.*,
Defendants.

Case No. 1:18-cv-122

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).